**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN ROBERTS,** | : | **CIVIL ACTION NO. 1:25-CV-1219** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **VEYER LOGISTICS/OFFICE DEPOT COPORATION,** | : | |
| | : | |
| **Defendant,** | : | |

# MEMORANDUM

This matter comes before the court upon the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab, wherein Judge Schwab recommends (Doc. 22) dismissing Plaintiff Allen Roberts's complaint (Doc. 1) without prejudice for lack of subject-matter jurisdiction, denying Defendant Veyer's Motion to Dismiss (Doc. 13) as moot, and granting Roberts leave to amend. Roberts, proceeding *pro se*, has not filed any timely objections.

On January 2, 2023, Roberts began working for Veyer as a delivery route driver. (Doc. 1 ¶ 7). On May 7, 2024, Roberts was performing a scheduled delivery in a company box truck. (Id. at ¶ 8). The Carlisle Police conducted a traffic stop of Roberts's vehicle for an expired vehicle registration. (Id.). Roberts contacted his supervisor, Frank Stolodack who remained on the phone with Roberts for the entirety of the traffic stop. (Id. at ¶ 9). During the stop, Roberts was arrested on an outstanding warrant from Dauphin County that Roberts was previously unaware of. (Id. at ¶ 10). Roberts remained in custody for two days and was released on May 9, 2024. (Id. at ¶ 11). Roberts informed Stolodack of his release. (Id. at ¶ 12). Stolodack

instructed Roberts to return to work around 7:30 a.m. on May 13, 2024. (Id. at ¶13). Upon arrival, Roberts was terminated. (Id. at ¶ 14). Roberts alleges he had 80 hours of available sick leave that could have applied to his two-day absence. (Id. at ¶ 15). Additionally, Roberts alleges Veyer falsely reported to the Pennsylvania Unemployment Compensation office that Roberts had voluntarily quit, delaying his access to benefits. (Id. at ¶ 16).

Roberts filed the instant complaint, alleging he is a resident of Harrisburg, Pennsylvania. (Id. at ¶ 5). Additionally, Roberts alleges that Veyer is a corporation with its principal place of business in Florida that conducts regular business in Pennsylvania. (Id. at ¶ 6). Roberts's civil cover sheet demands $250,000. (Id. at 1). His complaint also asserts that this court has jurisdiction and venue is proper in this court. (Id. at ¶¶ 3-4).

When no objections to a report and recommendation are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation).

In the instant R&R, Judge Schwab recommends dismissing Plaintiff Allen Roberts's complaint without prejudice for lack of subject-matter jurisdiction, denying Defendant Veyer's Motion to Dismiss as moot, and granting Roberts leave to amend.

Judge Schwab's conclusion that Roberts's complaint is insufficient to establish diversity jurisdiction is supported by law. Roberts only alleges his place of residence. Alone, place of residence is insufficient to plead diversity of citizenship. GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (citing McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012)). Rather, Roberts must plead his domicile, or "his true, fixed, and permanent home and place of habitation . . . to which, whenever he is absent, he has the intention of returning." McMann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

Additionally, Roberts fails to allege Veyer's citizenship. Roberts's asserts Veyer's principal place of business is in Florida and that Veyer conducts regular business in Pennsylvania. However, these assertions are inconsistent with the "nerve center" test, designating a corporation's principal place of business as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Roberts has not alleged in which state Veyer is incorporated.[1] Because he has failed to allege the citizenship

---

[1] As Judge Schwab aptly put it:

> "Roberts brings suit against 'Veyer Logistics/Office Depot Corporation.' In Veyer's motion to dismiss, Veyer claims that 'Office Depot Corporation' is not an existing entity. (Doc. 13 n.1). Rather, Veyer asserts Roberts was employed by 'Veyer, LLC.' (Id.) '[T]he citizenship of a limited liability company "is determined by the citizenship of each of its members."' Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 348 (3d Cir. 2013) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). Even assuming Veyer, LLC is the correct

of the parties, this court lacks diversity jurisdiction. Thus, we will adopt Judge Schwab's recommendation that the court dismiss this case without prejudice.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

defendant, Roberts has not alleged Veyer, LLC's members or their citizenship."

(Doc. 22 n.1).